UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ALONZO LEGRAIR**<br>747 Seward Ave.<br>Akron, OH 44320<br><br>    Plaintiff,<br><br>-vs-<br><br>**FELTON HICKS**<br>548 Douglas St. Apt. B<br>Akron, OH 44307<br><br>and<br><br>**UNITED STATES POSTAL SERVICE**<br>Postmaster General, United States Postal Service, 475 L'Enfant Plaza SW, Washington, DC 20260<br><br>*(local office)*<br><br>2711 W. Market St.<br>Fairlawn, OH 44333<br><br>    Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT**<br>**PERSONAL INJURY**<br><br><br>JURY DEMAND ENDORSED HEREIN |

Plaintiff Alonzo Legrair ("Legrair" or "Plaintiff"), for his claims for relief against Defendants Felton Hicks ("Hicks") and United States Post Service ("USPS"), states:

**PARTIES, JURISDICTION, AND VENUE**

1. This action arises under the Federal Torts Claims Act, 28 U.S.C.A. §§ 2671 et seq. This court is vested with jurisdiction pursuant to 28 U.S.C.A. § 1346(b).

2. The occurrences that gave rise to Legrair's claims for relief occurred in Summit County, which is within the Northern District of Ohio. Thus, venue is properly laid in this court.

3. At all times herein, Legrair resided at 747 Seward Ave. Akron, OH 44320.

1

4. Upon information and belief, Hicks resided at 548 Douglas St. Apt. B, Akron, OH 44307.

5. At all times herein, USPS is a postal office located at 2711 W. Market St. Fairlawn, OH 44333.

**FACTS**

6. Legrair incorporates all preceding paragraphs as if fully restated herein.

7. At approximately 8:30 PM on June 23, 2022, Legrair was driving his 2014 Dodge Ram (VIN #1C6RR6FT8ES168361) south on N. Pershing Avenue in Akron, Ohio.

8. As Legrair approached the intersection of N. Pershing Avenue and W. Market Street, he observed a green light.

9. Because the light was green for Legrair, he proceeded into the intersection to make a left turn.

10. Meanwhile, Hicks was driving north on W. Market Street in his capacity as a post office driver.

11. Hicks, a USPS driver, was driving a vehicle identified with United States Postal Service insignia and related USPS embellishments and was acting within the course and scope of his employment at the time of this incident.

12. Despite facing a red light, Hicks proceeded through the intersection and collided into the driver's side of Legrair's vehicle.

13. Upon information and belief, Hicks stated in the Police Report that he had sun glare in his eyes.

14. Hicks should have taken appropriate precautions while operating a USPS vehicle if the sun was in his eyes.

15. Despite claiming sun glare affected his vision, Hicks failed to reduce his speed or take other reasonable precautions at the intersection.

16. A true and accurate copy of the police report is attached as **Exhibit 1**.

17. Hicks negligently failed to abide by traffic signal laws and failed to take appropriate precautions while operating a USPS vehicle in adverse conditions.

18. As a direct and proximate result of the above-described negligence of Hick's, Legrair, in addition to various other severe and permanent injuries, received a concussion, several sprains in the spine, and a fractured femur.

19. As a direct and proximate result of such injuries, Legrair has endured and will continue to endure great pain, suffering, and mental anguish.

20. As a direct and proximate result of the above-described negligence, Legrair's vehicle sustained significant damage from the collision.

21. Legrair is a self-employed contractor.

22. As a direct and proximate result of the above-described negligence of Hick, Legrair could not work for two and a half months due to severe injuries and medical needs.

23. During this period of physical disability, Legrair had to forfeit and refund two contracts he was working on and could accept no further contract opportunities during the two-and-a-half months he was out of work, resulting in substantial lost income.

24. On 06/22/2024, Legrair properly and timely filed a completed SF-95 form with the United States Postal Service Office located at 2711 W. Market St. Fairlawn, OH 44333.

25. On the SF-95, Legrair indicated a sum certain claim of $3,145.68 in property damage and $100,000 in personal injury claim, equaling $103,145.68 in damages.

26. The SF-95 included supplemental documents, including a two-page, in-depth, supplemented answer to questions #10 and #12 of SP-95, as well as his medical records for treating injuries.

27. The SF-95 and supporting documentation identified the type, nature, and extent of Legrair's injuries.

28. The USPS failed to dispose of Legrair's claim within six months after filing and, under to 28 U.S.C.A. § 2675(a), Legrair elects to consider such failure to act as a final denial of their claim.

29. As of the date of filing this Complaint, the USPS has neither formally denied the claim nor made any settlement offer in response to the SF-95.

<u>**CLAIM I**</u>
**NEGLIGENCE**
AS TO FELTON HICKS

30. Legrair realleges the preceding paragraphs as if restated and incorporated herein.

31. Hicks owed a duty of care to other motorists, including Legrair, to operate his vehicle in a safe and lawful manner.

32. Hicks breached this duty by:

    a.   Failing to stop at a red light;

    b.   Proceeding through the intersection despite impaired visibility;

    c.   Failing to reduce speed or take precautions when experiencing sun glare; and

    d.    Colliding with Legrair's vehicle.

33. Hick's breach caused injury to Legrair, including but not limited to property damage, physical injury, lost wages, and pain and suffering.

4

34. As a direct and proximate result of Hick's breach, Legrair was damaged in multiple ways, including but not limited to:

    a. Medical bills;

    b. Property damage;

    c. Pain and suffering;

    d. Lost wages;

    e. Attorney fees and the costs of this action.

## CLAIM II
### RESPONDEAT SUPERIOR
AS TO USPS

35. Legrair realleges the preceding paragraphs as if restated and incorporated herein.

36. On June 23, 2022, Hicks was an agent and/or employee of USPS.

37. Hicks was acting within the course and scope of his agency and/or employment when the incident occurred.

38. USPS is responsible for damages to Legrair proximately caused by Hicks, pursuant to the doctrine of *respondeat superior.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Damages for past and future medical expenses, lost wages, property damage, and pain and suffering, with interest on such amount as allowed by law from the date of judgment until paid;

2. Costs of suit;

3. Attorney Fees; and

4. Such other further relief as the court deems just and proper.

          Respectfully submitted,

          /s/ *Warner Mendenhall*
          Warner Mendenhall    (0070165)
          Frank Lucas            (0103207)
          MENDENHALL LAW GROUP
          190 N. Union Street, Suite 201
          Akron, OH 44304
          Telephone: (330) 535-9160
          Fax: (330) 762-9743
          Email:
          warner@warnermendenhall.com
          frank@warnermendenhall.com
          *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

          Respectfully submitted,

          /s/ *Warner Mendenhall*
          Warner Mendenhall (0070165)